## Lansdale Court Apts, Inc. v. Lansdale Borough School District

Before Groshens, Ditter and Smillie, JJ.

*Edward T. Bresnan, Marvin D. Weintraub* and *I. Raymond Kremer*, for plaintiff.

*Harry M. Sablosky* and *Robert B. Brunner*, for defendant.

DITTER, J., August 14, 1964.—This case comes before the court on preliminary objections to an amended complaint which seeks damages stemming from the purchase of a former school site. The objections are in two categories: a demurrer and a motion to dismiss for failure to comply with a previous order of court.

Prior to the time of the transaction which gives rise to this suit, the Lansdale School District decided that a 60-year old school building and the tract on which it stood were of no further use for school purposes. In order to enhance the value of the ground, defendant engaged a private contractor to demolish the building and fill the land.

The school district then entered into negotiations with plaintiff-corporation, which, by its agents, indicated that plaintiff wanted to erect a large apartment house on the site and that, if the land were properly filled and rezoned, plaintiff would purchase it. Defendant, through its agents, warranted that the land was not filled with organic material and arranged to have the zoning classification altered to allow plaintiff's proposed use. Relying on defendant's statements regarding the character of the fill, plaintiff paid the sum of $28,000 and defendant delivered a deed for the parcel.

Plaintiff then entered upon the land and learned for the first time that the fill was organic in character, rather than inorganic. This forced plaintiff to redesign the construction of the apartment house to offset the inability of the fill to support the structure originally planned. Plaintiff seeks reimbursement for the additional expenses made necessary as a result of defendant's breach of warranties.

The matter was before the court on a previous occasion, when preliminary objections were sustained in part and plaintiff was directed to file a more specific complaint: Lansdale Court Apartments, Inc. v. Lansdale School District, 82 Montg. 30 (1963).

Defendant's first objection, in the nature of a demurrer, states:

"Plaintiff's amended complaint fails to state a cause of action against the defendant-school district, because the defendant-school district is a quasi-municipal corporation and, as such, is immune from liability for the torts committed by its agents."

There are two reasons why defendant's demurrer should be overruled, one of substance and one of procedure.

In the first place, this is a breach of contract case. It is not the classic case in which a governmental body is charged with vicarious liability as a result of tortious conduct by one of its servants. Obviously, every governmental agency can work only through human hands, but this does not mean that praise or blame is based upon the theory of respondeat superior. The law accepts the concept that there are some things which corporations, municipalities and other nonhuman entities perform of and by themselves. One power which a school district has is the power to make contracts.

In Brinton v. School District of Shenango Township, 81 Pa. Superior Ct. 450 (1923), it is held that a school district is liable for the negligent performance of a con-

tract. Writing for the Superior Court, Judge Keller observed, pages 452-53:

"When, however, a state agency or instrumentality, authorized to enter into a contract in the performance of its governmental functions or duties, fails to perform, whether negligently or otherwise, that which it has legally agreed to do, there is no public policy which forbids its being required to fulfill its obligations or pay the damages consequent upon its failure to do so . . . 'The United States, when they contract with their citizens, are controlled by the same laws that govern the citizens in that behalf. All obligations which would be implied against citizens under the same circumstances will be implied against them.' "

The second reason why the demurrer cannot be sustained is one of procedure. Governmental immunity stems from the common-law idea that the sovereign could do no wrong, rather than from a statute of repose. It is a defense to some tortious performances of governmental functions, but is not available when governmental agencies perform proprietary functions. As pointed out in Morris v. Mount Lebanon Township School District, 393 Pa. 633 (1958), the difficulty comes not from the rule but in the determination of which label is to be pinned upon a specific endeavor. Where the facts averred in the complaint do not make it obvious that the activity concerned is governmental in nature, the question should be raised as an affirmative defense. Cf. Rosenberger v. Whitehall Twp. School District, 30 Lehigh 88 (1962); Bixler v. Adair, 22 D. & C. 2d 732 (1960).

We feel it unnecessary to discuss defendant's demurrer that the parole evidence rule precludes alleging facts which would vary the agreement of sale between the parties and the deed executed by defendant. The same objections were made to the original complaint and were dealt with by Judge Quinlan: Lansdale

Court Apartments, Inc. v. Lansdale School District, supra.

Finally, defendant moves to dismiss the complaint because plaintiff has failed to comply with the above-mentioned order directing the complaint to be amended to identify with more particularity the persons, time and places relating to the generation of the alleged warranties. Considering the nature of the cause of action and the circumstances, we are of the opinion that the amended complaint sufficiently complies with that order.

And now, August 14, 1964, for the foregoing reasons, the preliminary objections of defendant School District of the Borough of Lansdale are overruled and defendant is given 20 days leave to file an answer.